IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JORDAN LAUDERMILT,

    Petitioner,

v.                                                       Civil Action No. 5:15cv121
                                                        Criminal Action No. 5:11cr10
                                                        (Judge Stamp)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

On November 24, 2014, the *pro se* Petitioner, Jordan Laudermilt, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 213.[1] Along with his motion, Petitioner requested an extension of time in which to file a memorandum in support. By Order entered September 22, 2015, the motion for an extension was granted. On December 18, 2015, Petitioner filed his memorandum in support. ECF No. 222. After a preliminary review of the file, the undersigned determined that summary dismissal of the petition was not warranted, and the Respondent was directed to file an answer. The respondent moved for an extension of time on February 1, 2016. By Order entered February 3, 2016, the Government's motion for an extension was granted. The Respondent filed a Response on March 4, 2016. ECF No. 228. Petitioner filed a Reply on March 21, 2016. ECF No. 229. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

### I. Procedural History

---

[1] From this point forward, all ECF Numbers refer to the Petitioner's Criminal Action.

On April 6, 2011, the Petitioner was indicted in a one-count indictment with a forfeiture allegation, for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 17. The case went to trial, and, on February 6, 2013, a jury found the Petitioner guilty of Count One of the Indictment. ECF No. 140. On June 20, 2013, the Petitioner was sentenced to 120 months imprisonment and three years' supervised release. ECF No. 192.

On June 26, 2013, Petitioner filed a notice of appeal. ECF No. 194. On appeal, Petitioner challenged his conviction, arguing that the district court committed plain error by admitting a 911 recording and allowed unnecessarily cumulative testimony from responding officers concerning that recording. He also contended that the district court erred at sentencing in allowing a four-level enhancement for use of a firearm by a prohibited person during the course of the commission of another felony, and in calculating his criminal history by including a criminal history point for convictions that resulted from uncounseled pleas. On June 19, 2014, by unpublished *per curiam* opinion, the Fourth Circuit affirmed the Petitioner's conviction and sentence. ECF No. 201. Petitioner did not petition for *certiorari*.

## II. Contentions of the Parties

**The Petition**

The Petitioner alleges that counsel was ineffective for failing to

1) correctly advise him on the law regarding "constructive possession" as it pertains to 18 U.S.C. § 922 (g), thereby causing him to reject a plea offer and continue to trial [ECF No. 213 at 5]; and

2) for failing object to jury instructions on actual vs. constructive possession that impermissibly highlighted individual pieces of evidence that had been admitted at trial. Id. at 6.

As relief, Petitioner requests an evidentiary hearing. Id. at 13. Elsewhere, Petitioner requests that the Court direct the Government to re-offer him a plea agreement containing an offer of a 63-month sentence, and permit him to accept it. ECF No. 222 at 14.

**The Government's Response**

The Government argues that the Petitioner has shown no deficiency in his trial counsel performance beyond a mere assertion, which is without merit, because the record shows that there was ample evidence that Petitioner actually possessed the gun in question, pointing it at his girlfriend in front of witnesses and threatening to shoot her. Moreover, the District Court gave a jury instruction on actual versus constructive possession of a firearm that was almost exactly the same as defense counsel's own proposed instruction.

**Petitioner's Reply**

Petitioner reiterates his arguments and attempts to refute the Government's on the same.

### III. Analysis

**A. Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the Unite States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 U.S. Dist. LEXIS 979, at *2 (E.D. Va. Jan. 4, 2006).

**B. Ineffective Assistance of Counsel**

Petitioner contends that trial counsel was uninformed on the difference between actual vs. constructive possession; repeatedly assured him that the Government had to prove actual possession and would be unable to do so; and failed to correctly advise him on the law regarding "constructive possession" as it pertains to 18 U.S.C. § 922 (g), thereby causing him to reject a plea offer and

continue to trial. Further, he contends that because counsel was so uninformed about the difference between actual and constructive possession, he was surprised by the jury instruction on the point.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." <u>Id.</u> at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. <u>Id.</u> at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in <u>Strickland</u>, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993).

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. <u>Strickland</u> 466 U.S. at 689–90. Moreover, there are no absolute rules in determining what is reasonable performance. <u>See Hunt v. Nuth</u>, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of particular case and at the time of counsel's conduct).

Here, Petitioner contends that his very experienced defense counsel[2] was so uninformed of the law regarding a felon in possession of a firearm, that he failed to appreciate the different proof required for actual vs. constructive possession of a prohibited gun. Petitioner contends that counsel repeatedly reassured him that he could not be convicted unless he actually possessed the firearm at issue; that the Government had to "put the gun in his hand" for that to occur; and that there was no witness who would testify as to that fact. Simultaneously, he contends that defense counsel

---

[2] Defense counsel was Brendan Leary, briefly assisted by Joseph Blalock as co-counsel for approximately a month and a half.

4

repeatedly urged him to accept a plea agreement, a position that seems contradictory to his insistence that counsel was so sure he would not be convicted because no witness could testify that he had ever touched the gun. Petitioner asserts that after the first day of trial had concluded, defense counsel and their investigator came to the jail to visit him

> and all three were in a celebratory mood and stated that Laudermilt had been right. Noone [sic] had testified that he had actually touched the weapon and they were certain that the case was won and that he would be acquitted . . . further evidence that, even at this late stage, Mr. Leary was simply unaware of the law concerning constructive possession and was doubly ineffective for ignoring the fact that the Court had included a constructive possession instruction to the jury[.]

ECF No. 222 at 12.

The undersigned must disagree. Petitioner appears to be laboring under the misapprehension that he was convicted of constructive possession of the firearm. A cursory review of the transcript from the first day of trial supports the Government's contention that there was ample evidence showing that Petitioner was in actual possession of the firearm. During the domestic situation that prompted the 911 call leading to Petitioner's arrest on the charge at issue, Petitioner's former girlfriend and her father both later testified at trial that Petitioner brandished the gun at them; made threats to kill her/them or "f—k her up;" and alluded to the fact that three body bags and a coroner would be needed once he was finished. See ECF No 160 at 148 - 151; 153 -155; 188 – 190; see also ECF No. 161 at 73; 80 – 82. Moreover, multiple law enforcement witnesses who arrived at the scene also testified as to hearing Petitioner raging at his girlfriend; threatening to "f—k her up" and/or threatening to kill her and/or her brother and father; and alluding to the future need for body bags for the three of them. ECF No. 160 at 35 – 36; 51 – 53; 69 – 70; 80; 87; 115 – 117. Moreover, tapes of phone calls later made by Petitioner to his sister from the jail, played for the jury, reveal that Petitioner made *de facto* admissions to her about having in fact brandished the weapon, after she asked him "why did you pull the gun," saying that "I thought she would pay my money. I thought

she'd give me my money back. And there weren't any bullets in it[]" at the time. ECF No. 161 at 108 – 109 and 161. The admission was clear enough that the Court denied the defense's Rule 29 motion for judgment of acquittal on the point. Id. at 109.

Accordingly, Petitioner's claim of ineffectiveness regarding counsel's purported lack of understanding that he could be convicted of constructive possession even if no witness "put the gun in his hand" is not only inconsistent with the expected testimony at trial and his claim that counsel repeatedly tried to persuade him to enter a plea, it also has no support in the record. It is clear that counsel encouraged Petitioner to enter a plea to minimize the sentence for what was likely going to be a conviction at trial. Likewise, Petitioner's claim that counsel was so uninformed on actual vs. constructive possession that he was blindsided by the jury instruction on the issue is also refuted by the record. The Government submitted a similar instruction in its proposed jury instructions as early as June 6, 2011, almost two years before trial. ECF No. 41 at 8. Defense counsel also included prior versions of what ultimately became the final jury instruction in Petitioner's own June 7, 2011 and January 30, 2013 proposed jury instructions. ECF No. 46 at 5 and ECF No. 123 at 5. Later, after the close of the first day's trial, counsel participated in discussions of the jury instructions with the Government and the Court, arguing that "the government's entire case is that he actually possessed that firearm. There's no evidence here of any kind of constructive possession. . . .It's all actual possession." Counsel then urged the court to eliminate the constructive possession charge, but the court ruled otherwise. ECF No. 160 at 209 – 210.

Accordingly, the undersigned finds that Petitioner has neither proven deficient performance nor prejudice and his motion should be dismissed.

### IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the Petitioner's § 2255 Motion [ECF No. 213] be **DENIED**, and the case be **DISMISSED** with prejudice.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objection. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985 United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro s* Petitioner by certified mail, return receipt requested, to his last known address as shown on th docket. The Clerk is further **DIRECTED** to provide copies of this Report and Recommendation t counsel of record via electronic means.

DATED: August 17, 2016

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE